UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILSON LOJAN,

                        12-cv-0320 (BSJ) (JCF)

                    Plaintiff,

      v.

SPENCER CRUMBSIE, WESTCHESTER     **VERIFIED FIRST**
COUNTY and C.O. JANE DOE,     **AMENDED COMPLAINT**

    **JURY TRIAL DEMANDED**

                    Defendants.
------------------------------------------------------------x

      Plaintiff WILSON LOJAN, by and through counsel Michael A. Deem, Esq., states as follows:

**PRELIMINARY STATEMENT**

      1.     This is a combined civil rights and personal injury action seeking relief for damages resulting from a sexual assault and assault committed by a trustee of the Westchester County Jail ("WCJ") against plaintiff. Plaintiff was a transgender female at the time of the assault and a pre-trial detainee in Protective Custody. Defendant-Trustee Crumbsie gained access to plaintiff because C.O. Jane Doe failed to maintain proper supervision of her post. Westchester County was grossly negligent in hiring Crumbsie as a Trustee because he has a history of assaultive behavior and gang affiliation, according to Westchester County law enforcement personnel.

**PROCEDURAL HISTORY**

      2.     This action was commenced on January 13, 2012, by filing a verified complaint.

      3.     On January 18, 2012, defendant Crumbsie was served with process while an inmate in the Bergen County Jail. To date, Crumbsie has not served a responsive pleading.

      4.     Defendant Westchester County was not served with the original complaint.

5.Plaintiff now seeks to amend the complaint and assert pendent claims.

## JURISDICTION

6.This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over claims arising from: the Civil Rights Act of 1871; 42 U.S.C. § 1983; and the Fourteenth Amendment of the U.S. Constitution.

7.Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 exists for claims of: negligence; gross negligence; violation of N.Y. Corr. Law, §§ 137(5) and 500-k; and *respondeat superior*.

8.On March 13, 2012, the Hon. Bruce E. Tolbert, J.S.C. granted plaintiff leave to file a Late Notice of Claim. Said notice was filed on March 14, 2012. More than thirty days have elapsed since the filing of said notice, and no offer of settlement has been made or the matter otherwise disposed.

## VENUE

9.Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Southern District of New York, the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## JOINT LIABILITY

10.This action falls within one or more of the exceptions set forth in CPLR § 1602.

## PARTIES

11.Plaintiff WILSON LOJAN (a/k/a Wilson Lojin; a/k/a "Mishele"), was at all times relevant, a native and citizen of Ecuador, residing in the State of New York.

12. Defendant SPENCER CRUMBSIE, was at all times relevant, an inmate in custody of the WCJ, employed by Westchester County as a "Trustee" to assist correction officers in caring for and protecting inmates in the WCJ. He is sued individually.

13. Defendant WESTCHESTER COUNTY, was at all times relevant, a municipal corporate subdivision of the State of New York, responsible for the policies, customs and practices in the WCJ, including the hiring practices of trustees and supervision of trustees and inmates in protective custody.

14. Defendant C.O. JANE DOE (being a fictitious name as her true name and identity are unknown), was at all times relevant employed by Westchester County as a correction officer and responsible for supervising defendant Crumbsie and plaintiff during the time of the underlying incident. She is sued individually.

## FACTS

15. On March 14, 2011, plaintiff was arrested and placed in custody of the WCJ. During the intake process plaintiff identified himself as a pre-operative transgender female (living life as a female) with breast implants. Plaintiff was placed in "Strict Protective Custody" ("SPC") immediately after completing the intake process.

16. In about June 2011, plaintiff was approached by a correction officer in the WCJ and informed that plaintiff could request a transfer of status to "Protective Custody" ("PC"). Plaintiff was informed that doing so would allow plaintiff more freedom of movement, but it would not reduce the level of protection that was being afforded plaintiff.

17. In about June 2011, plaintiff was transferred from SPC to PC, however plaintiff's housing assignment remained the same.

18. On information and belief, the cell doors of inmates in PC may only be unlocked for four occasions: 1) to use the shower within the housing area; 2) for one hour a day for Recreation; 3) two hours a day to enter the Day Room; and 4) a medical emergency. Except for the use of the shower or medical emergency, all inmates in PC are released simultaneously for Recreation and the Day Room.

19. From March 14, 2011 through August 18, 2011, plaintiff utilized the port built into plaintiff's cell door to receive and return cleaning items, including brooms, to trustees on about fifty occasions.

20. On August 18, 2011, at approximately 9:45 a.m., plaintiff was confined in an assigned cell in PC, as a pre-trial detainee. C.O. Jane Doe was on duty in plaintiff's housing area. Plaintiff asked Trustee Crumbsie for a broom with which to sweep the cell.

21. At this time of the day Westchester County and C.O. Jane Doe were required to provide "active supervision" and/or "constant supervision" pursuant to 9 N.Y.C.R.R. § 7003.

22. On information and belief, C.O. Jane Doe knew that plaintiff was a transgender female, and knew or should have known of Trustee Crumbsie's gang affiliation and history of assault.

23. Trustee Crumbsie went to retrieve a broom and opened or asked C.O. Jane Doe to open plaintiff's cell door, electronically. C.O. Jane Doe was grossly negligent in allowing plaintiff's cell door to be opened.

24. Trustee Crumbsie then returned to plaintiff's cell, handed the broom to plaintiff and stood outside as plaintiff swept. Plaintiff handed the broom back to Crumbsie after the cell was swept. Crumbsie then asked to see plaintiff's breasts.

4

25. When plaintiff refused Crumbsie stepped into the cell and forcibly grabbed plaintiff's breasts. When plaintiff resisted Crumbsie exposed himself and directed plaintiff to perform fellatio. Plaintiff refused and informed Crumbsie that C.O. Jane Doe was on duty and he, Crumbsie, would get in trouble if he did not exit plaintiff's cell immediately.

26. Crumbsie stated that C.O. Jane Doe was not at her post and forcibly placed plaintiff's hand on his genitals. When plaintiff pulled away a short struggle ensued as Crumbsie removed the bed sheet plaintiff was wearing and attempted to penetrate plaintiff from the rear. During the struggle plaintiff's right knee was injured.

27. Plaintiff then sat on the bed due to the injured knee. Crumbsie grabbed the back of plaintiff's head and forced plaintiff to perform fellatio on his erect penis, causing injury to plaintiff's mouth and throat. After some time, Crumbsie suddenly released plaintiff's head, pulled his pants up, directed plaintiff not to report the incident and exited plaintiff's cell.

28. Plaintiff reported the incident a few hours later and an investigation was conducted by the WCJ Special Investigations Unit ("SIU"). During the investigation a member of SIU informed plaintiff that Crumbsie had a record of assaultive behavior and gang affiliation, and recommended that criminal charges not be pursued due to possible retaliation against plaintiff.

29. WCJ has a Gang Unit and knew or should have known of Crumbsie's gang affiliation and history of assault prior to hiring him as a Trustee, or prior to the incident.

30. Westchester County was grossly negligent in appointing or retaining Crumbsie as a Trustee, and/or retaining or failing to supervise him after said appointment.

31. On about September 7, 2011, a WCJ correction officer delivered a letter to plaintiff which contained a death threat.

32. On about September 10, 2011, plaintiff informed C.O. Porter of the letter and showed it to him. C.O. Porter took possession of the letter and envelope, and refused to return either to plaintiff or provide copies of same.

33. On information and belief, the aforementioned events would not have occurred if plaintiff had remained in SPC. Plaintiff would not have requested to be removed from SPC if it were not for the statements and representations of the Westchester County correction officer.

## DAMAGES

34. As a direct and proximate result of the defendants' misconduct plaintiff has or will suffer the following damages:

   a. Violation of plaintiff's rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution and N.Y.S. Correction Law §§ 137(5) and 500-k;

   b. Sexual assault;

   c. Physical injuries to plaintiff's knee;

   d. Needless, conscious pain and suffering;

   e. Severe anxiety and emotional distress; and

   f. Public humiliation and shame.

35. All the acts and omissions committed by the defendants described herein for which liability is claimed were grossly negligent, intentional, unlawful, wanton, reckless, or done with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT I
### § 1983 Claim for Use of Excessive Force

36. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

37. Trustee Crumbsie, while acting under color of law used excessive force against

6

plaintiff while in Protective Custody as a pre-trial detainee, by grabbing plaintiff's breasts, placing plaintiff's hand on his genitals, revealing plaintiff's breasts, attempting to penetrate plaintiff from the rear, physically assaulting plaintiff, and forcibly inserting his erect penis into plaintiff's mouth.

38. Defendant Crumbsie, while acting under color of law used excessive force upon plaintiff which shocks the conscience, was unnecessary and, was motivated by malice and wanton infliction of pain.

39. As a result plaintiff suffered the damages as set forth above.

## COUNT II
### § 1983 Claim for Failure to Protect

40. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

41. Defendants Westchester County and C.O. Jane Doe knew that plaintiff was a transgender female and an obvious victim, and knew or should have known of Trustee Crumbsie's gang affiliation and history of assault, but were deliberately indifferent to the risk created to plaintiff by allowing Trustee Crumbsie to access plaintiff and/or failing to supervise him once he gained access.

42. Defendants Westchester County and C.O. Jane Doe knew that plaintiff was a transgender female and an obvious victim, and knew or should have known of Trustee Crumbsie's gang affiliation and history of assault, but were deliberately indifferent to the risk created to plaintiff by convincing plaintiff to request a transfer from Strict Protective Custody to Protective Custody, and/or failing to supervise plaintiff or Trustee Crumbsie while plaintiff was in protective custody.

43. As a result plaintiff suffered the damages as set forth above.

## COUNT III
### Pendent Claims for Negligence and Gross Negligence

44. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

45. Defendants owed a duty to protect and care for plaintiff.

46. Defendants Westchester County and C.O. Jane Doe breached their duty by failing to take steps that an ordinarily reasonable and prudent person would have pursued to protect and care for plaintiff, or supervise Trustee Crumbsie.

47. C.O. Jane Doe breached her duty by failing to adhere to the Westchester County Department of Correction Code of Conduct during the above described incident with Trustee Crumbsie by failing to be alert and observant of the happenings on her post, and/or leaving her post without proper authority or relief.

48. Westchester County and C.O. Jane Doe owed a heightened duty of protection to plaintiff which they breached by opening plaintiff's cell door or allowing it to be opened for an unauthorized purpose, and for failing to supervise plaintiff and/or Trustee Crumbsie once the cell door was opened.

49. Westchester County and C.O. Jane Doe breached their duty to maintain "active supervision" or "constant supervision" of plaintiff and/or Trustee Crumbsie.

50. Westchester County knew or should have known of Trustee Crumbsie's assaultive behavior and/or gang affiliation prior to appointing him as a Trustee, and was grossly negligent in appointing him as such and/or retaining or failing to supervise him after said appointment.

51. Westchester County breached its duty to plaintiff by persuading plaintiff to change custody status from "SPC" to "PC", and/or by making false promises or representations as to the level of protection plaintiff would receive while in "PC".

52. Said breaches of duty were the direct and proximate cause of plaintiff's damages.

53. The conduct and omissions of all defendants were intentional, reckless, grossly negligent, extreme and outrageous.

## COUNT IV
### Pendent Claim for Violation of N.Y.S. Correction Law §§ 137(5) and 500-k

54. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

55. Defendants Westchester County, C.O. Jane Doe and/or Trustee Crumbsie subjected plaintiff to degrading treatment, in violation of their statutory duty, while plaintiff was in the care and custody of the Westchester County Jail.

56. Said breach of duty was the direct and proximate cause of plaintiff's damages.

## COUNT V
### Pendent Claim of *Respondeat Superior*

57. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

58. Westchester County is liable for all torts committed by its employee C.O. Jane Doe as she was at all times engaged generally in the business of her master or her acts may be reasonably said to be necessary or incidental to said employment.

WHEREFORE, plaintiff requests the following relief:

a. Declaratory judgment that plaintiff's rights under the U.S. Constitution and N.Y.S. Correction Law §§ 137(5) and 500-k were violated;

b. Award compensatory damages against all defendants as the jury may determine, but no less than $500,000.00;

c. Award punitive damages against all non-municipal defendants as the jury may determine, but no less than $500,000.00;

d. Award of presumed damages as the jury may impose.

e. Awarding against all defendants reasonable attorney's fees, costs, and disbursements; and

f. Such other and further relief as to the Court seems just and proper.

Dated: April 13, 2012
       Ossining, New York

      /s Michael A. Deem
      Michael A. Deem (MD8158)
      Attorney for Plaintiff
      95 Croton Avenue, Suite 37-T
      Ossining, NY 10562
      (914) 502-0395

## DECLARATION UNDER PENALTY OF PERJURY

I am the plaintiff in the above entitled action, I have read the First Amended Complaint, and declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Executed on April 13, 2012.

/s Wilson Lojan<br>WILSON LOJAN